AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the
### District of New Mexico

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
20 JUL 22 PM 11:48
CLERK-ALBUQUERQUE

RCIK BENAVIDEZ )
)
)
_____ )
*Petitioner* )
)  Case No. __**20cv736 KWR-SCY**__
v. )  *(Supplied by Clerk of Court)*
)
LUIS ROSA JR., WARDEN AT )
CIBOLA COUNTY CORRECTION CENTER )
)
_____ )
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: **Rick Benavidez**
   (b) Other names you have used:

2. Place of confinement:
   (a) Name of institution: **Cibola County Correction Center**
   (b) Address: **2000 Cibola Loop, Milan NM 87021**
   **PO Box 3540, Cibola, NM 87021**
   (c) Your identification number: **inmate number 03727151**

3. Are you currently being held on orders by:
   ☐ Federal authorities     ☐ State authorities     ☐ Other - explain:

4. Are you currently:
   ☑ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you: _____
      (b) Docket number of criminal case: _____
      (c) Date of sentencing: _____
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*: _____

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☑ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other *(explain)*:

6.  Provide more information about the decision or action you are challenging:
    (a) Name and location of the agency or court:   United States District Court for the District of New Mexico Pete V. Domenici U.S. Courthouse 333 Lomas Blvd, NW, Albuquerque, NM 87102
    (b) Docket number, case number, or opinion number:   case no. CR 19-592 WJ
    (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
    Ruling on Government's Motion to Revoke Pretrial Release

    (d) Date of the decision or action:   06/29/2020

## Your Earlier Challenges of the Decision or Action

7.  **First appeal**
    Did you appeal the decision, file a grievance, or seek an administrative remedy?
    ☐ Yes          ☑ No
    (a) If "Yes," provide:
        (1) Name of the authority, agency, or court:
        (2) Date of filing:
        (3) Docket number, case number, or opinion number:
        (4) Result:
        (5) Date of result:
        (6) Issues raised:

    (b) If you answered "No," explain why you did not appeal:

8.  **Second appeal**
    After the first appeal, did you file a second appeal to a higher authority, agency, or court?
    ☐ Yes          ☑ No

(a) If "Yes," provide:
    (1) Name of the authority, agency, or court: _____

    (2) Date of filing: _____
    (3) Docket number, case number, or opinion number: _____
    (4) Result: _____
    (5) Date of result: _____
    (6) Issues raised: _____

(b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**
After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☐ Yes      ☑ No

(a) If "Yes," provide:
    (1) Name of the authority, agency, or court: _____

    (2) Date of filing: _____
    (3) Docket number, case number, or opinion number: _____
    (4) Result: _____
    (5) Date of result: _____
    (6) Issues raised: _____

(b) If you answered "No," explain why you did not file a third appeal: _____

10. **Motion under 28 U.S.C. § 2255**
In this petition, are you challenging the validity of your conviction or sentence as imposed?
☐ Yes      ☑ No

If "Yes," answer the following:
(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
    ☐ Yes      ☑ No

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes    ☑ No

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes    ☑ No

If "Yes," provide:
(a) Date you were taken into immigration custody:
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes    ☐ No

If "Yes," provide:
(1) Date of filing:
(2) Case number:
(3) Result:
(4) Date of result:
(5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?
☐ Yes    ☑ No
If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:
(4) Result:
(5) Date of result:
(6) Issues raised:

12. **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes    ☑ No
If "Yes," provide:
(a) Kind of petition, motion, or application:
(b) Name of the authority, agency, or court:

(c) Date of filing:
(d) Docket number, case number, or opinion number:
(e) Result:
(f) Date of result:
(g) Issues raised:

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** The Court ruled that Defendant Benavidez violated his conditions of release by committing another crime, however the cause against Defendant Benavidez is still at pretrial stage and Defendant has not been convicted of committing any crime let alone being convicted of committing a second crime

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
The record of the case shows the case is still in pretrial status. Attached are the clerk's notes as Document 122   Filed 06/29/20   Page 1 of 2 Case 1:19-cr-00592-WJ

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes     ☒ No

**GROUND TWO:** The Court ruled that Defendant Benavidez violated his conditions of release by committing another crime, however, there is no basis to establish that the allegations made against Defendant Benavidez raise to the level of a criminal act, additionally there has been no trial process which has convicted Defendant Benavidez of the "other crime" let alone the first crime

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
The Response filed on behalf of Defendant Benavidez clearly show that the allegations against do not raise to a level of a criminal act. Attached is Response Document 105   Filed 04/27/20   Page 1 of 6 Case 1:19-cr-00592

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes     ☒ No

**GROUND THREE:** Currently the entire world in in the grip of a global pandemic. Cibola County Correction Center cannot guarantee that Defendant Benavidez will not contract Covid-19 as a result of his confinement. As a matter of fact, at least 3 other inmates in his pod have tested positive and have been removed to quarantine. For that reason alone, if it is not necessary to subject Defendant Benavidez to that risk, he should be released.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
Public knowledge supports that there is pandemic. The Correction Center inmate record will support that Defendant Benavidez is directly exposed.

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes     ☒ No

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes          ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

## Request for Relief

15. State exactly what you want the court to do: Defendant Rick Benavidez requests that the Court release him from his unfair and improper confinement, which additionally and unnecessary puts him in deadly jeopardy.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: 07/17/2020

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 07/17/2020

UCCI-30P
Ric: Ruiz - Beraun
_____
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

## Clerk's Minutes

**Before the Honorable Chief Judge William P. Johnson**

**Case No.:** CR 19-592 WJ  **Date:** June 29, 2020

**Parties:** USA v. Rick Benavidez

**Courtroom Clerk:** R. Garcia  **Court Reporter:** M. Loughran

**Interpreter:** N/A

**Type of Proceeding:** Motion Hearing on [103] Government's Motion to Revoke Pretrial Release

**Place of Court:** Albuquerque

**Total time in Court:** 38 minutes

**Evidentiary Hearing:** No

**Attorneys Present for Plaintiff(s):**

Paul Scheid

**Attorneys Present for Defendant(s):**

Carter Harrison IV

**Proceedings:**

9:38   Court in session; counsel enter appearances; Defendant present.

   Mr. Scheid advises the parties have agreed to proceed by proffer; Mr. Scheid outlines circumstances that have given rise to the Government's motion to revoke; makes argument in support of motion for revocation of pretrial release

9:54   Mr. Harrison responds in opposition to the Government's motion to revoke.

10:00  Mr. Scheid replies.

10:04  Mr. Harrison responds.

   The Court will take a break; asks if the Court needs to address the attorney client/attorney relationship.

   Mr. Harrison ask that the Court take the issue up at its convenience; notes he has spoken to his client re the matter; notes his client wishes to address the Court in camera.

The Court believes the Defendant should have counsel and should not address the Court without counsel; Court will return in a moment to addresses the attorney/client relationship and then rule on the Government's motion.

10:07 Court in recess.

10:30 Court back in session.

10:30 The Court will take up attorney/client relationship; excuses Mr. Schied and move to ex parte session.

10:34 The Court returns to public session.

The Court finds Defendant has violated his conditions of release by committing another crime, and grants the Government's motion; Defendant is remanded into the custody of the U.S. Marshal pending further order of the Court.

10:39 Court will shortly enter a more detailed order.

Court in recess.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                              CR 19-0592 WJ

RICK BENAVIDEZ and DAMIAN MARON,

        Defendants.

## DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION FOR REVOCATION OF PRETRIAL RELEASE

The Government is overreaching in its argument that Defendant Rick Benavidez's filing of an Internal Revenue Service ("IRS") Form 56 with this Court and with the IRS constitute criminal acts justifying summary revocation of his pretrial release.[1] *See* United States' Motion for Revocation of Release from Pretrial Detention (Doc. No. 103) (filed Apr. 9, 2020) ("Motion"). While admittedly strange and clearly influenced by a sovereign-citizen-type ideology that has a very poor track record in the judicial system — undersigned counsel does not expect the Court to buy into any of the legal precepts advanced in the filings, and it is unlikely that the arguments apparently favored by Mr. Benavidez are going to 'win' any judicial proceedings or persuade the IRS — these filings are not in and of themselves criminal. Although this conclusion technically requires parsing and applying the two statutes pointed to by the Government (18 U.S.C.

---

[1] Mr. Benavidez filed *pro se*, as a part of Document No. 63 in this case (specifically pages 44-45), a filled-out IRS Form 56 that, according to the Government, was not at that point filed with the IRS. *See* Motion at 2. He later filed *pro se* a one-page letter and filled-out Form W-9 — but no Form 56 — as Document No. 101 in this case. It appears from the Government is accusing Mr. Benavidez of, at or before the point of his filing of Document No. 101, going back and filing with the IRS the Form 56 from Document No. 63, but it is also possible that the Government is accusing Mr. Benavidez of filing the Form W-9 from Document No. 101 with the IRS. This uncertainty stems from the fact that IRS filing system accessed by the Government's agents does not appear to be accessible by the public (including defense counsel). This Response assumes that Mr. Benavidez filed the Form 56 from Document No. 63 with the IRS.

§ 1001(a)(1) and 26 U.S.C. § 7207), which are, like most fraud-type statutes, broadly worded, the long and short for why Mr. Benavidez's actions are not criminal can be summed up as follows.

First, Mr. Benavidez's actions were taken out in the open, and the filings were sent not just to the IRS but to the purported victim of the crime (this Court), thus allowing the victim to set the record straight if it feels it is necessary to do so. This is not a case where a defendant submits a person's name to the IRS as his fiduciary without informing that person or giving them an opportunity to contest the designation. Second, the misrepresentations made on the IRS Form 56 are legal in nature, not factual, and while there is little doubt that under prevailing legal standards there is no objectively colorable argument for naming the Court as a fiduciary, Mr. Benavidez is not operating under 'prevailing legal standards.' Whether that is because he does not understand prevailing legal standards or because he contemptuously rejects them is somewhat beside the point, and is probably a false dichotomy in any event; what matters is that he is advancing a set of legal theories that he *subjectively believes*. Third, and just as importantly, Mr. Benavidez is advancing those theories in a way that makes it very obvious to everyone (not least the IRS and this Court) who zooms out from any one specific form or document to look at Mr. Benavidez's overall body of filings, that he is proselytizing / living the values of / putting into action an esoteric, sovereign-citizen-type ideology whose tenets are well-known to involve the use of legal terminology in ways far different from their common understanding in the modern legal-financial system.

## ARGUMENT

The Government argues that Mr. Benavidez's filing of the Form 56 from Document No. 63 with this Court and with the IRS violates "18 U.S.C. § 1001 (concealment of a material fact), and 26 U.S.C. § 7207 (filing a document known to be false)." Motion at 1.[2] It violates neither.

I. **Mr. Benavidez's filing does not violate § 1001(a)(1) because it was done without deception, was not knowingly and willfully false, and had no natural tendency to deceive the IRS or this Court.**

The elements of a violation of 18 U.S.C. 1001(a)(1) ("Concealment of a Material Fact") in this Circuit are:

> *First*: the defendant knowingly and willfully [falsified] [concealed] [covered up] a fact; specifically, that he [as described in indictment].
>
> *Second*: the defendant did so by a trick, scheme, or device, that is, by acting in a way intended to deceive others.
>
> *Third*: the subject matter involved was within the jurisdiction of the [executive] [legislative] [judicial] branch of the United States;
>
> *Fourth*: the fact was material to [government entity named in indictment], and
>
> *Fifth*: the defendant had a legal duty to disclose the fact.
>
> A fact is "material" if it has a natural tendency to influence or is capable of influencing a decision of [name of government entity].
>
> It is not necessary that [entity] was in fact influenced in any way.

Tenth Circuit No. 2.45, at 148 (2011 ed. updated Feb. 2018). Mr. Benavidez's conduct fails to satisfy the first, second, and fourth elements.

---

[2] The Government further contends that Mr. Benavidez's "conduct likely violates multiple federal statutes," merely "including" the two actually listed, but it is obviously unrealistic —and not required, if the Government's burden means anything at all — for the defense to robustly defend against offenses that are not even named by the Government. Motion at 1.

3

On the first element, no knowingly and willfully false statement was made. Mr. Benavidez has an extensive record suggesting that he actually believes in sovereign-citizen-type dogma, under which Judge Johnson may in fact be a "fiduciary" of Mr. Benavidez. It is important to note that a court case (particularly a criminal case) does not actually generate any tax liability, so the normal inference associated with a person making an objectively false statement — that the person did so intentionally in order to reap some *benefit* associated with the false statement having been believed — does not apply here.

On the second element, the submission of the form was decidedly lacking in deception: Mr. Benavidez sent a copy of the IRS-filed form to the Court and to the Government, which is how the Government knew about it in order to file the Motion.

On the fourth element, the Form 56 fails the materiality test because it did not have "a natural tendency to influence," nor was it "capable of influencing a decision," by the IRS or by the Court. The Court struck all of Mr. Benavidez's filings as nonsensical — if it read them carefully before doing so, it needn't have — and the IRS, even if it has not already identified Mr. Benavidez as a tax protestor and begun subjecting all of his filings to review with a skeptical eye accordingly, was likely tipped off about the problematic nature of the Form 56 by the fact that Mr. Benavidez forewent all the stock options for "type of taxes" involved and "federal tax form number" and instead wrote in "any and all that apply." Moreover, since, again, there are no federal taxes associated with a federal criminal case, it is difficult to see how the Form 56 would have "influenc[ed] a[ny] decision" of the IRS.

II. **Mr. Benavidez's filing also does not violate 26 U.S.C. § 7207, for largely the same reasons.**

Section 7207 of Title 26 is a somewhat less-used misdemeanor offense about which defense counsel was unable to locate any pattern jury instruction (from any Circuit) outlining the

4

elements. It should first be noted that, despite the expansive-sounding "or other document" language in the statutory text, there has been close-call litigation (producing Circuit-level dissents) about what documents can and cannot form the basis of a § 7207 conviction when falsely submitted to the IRS, *see Sansone v. United States*, 380 U.S. 343, 347 & n.5 (1965), and a Form 56 has never been held to be a qualifying document. More importantly, § 7207 contains the same "willfulness" and "materiality" elements that § 1001 does, and the Form 56 submitted to the IRS by Mr. Benavidez fails to satisfy those standards in the § 7207 analysis for the same reason it failed to satisfy them in the § 1001 analysis.

## CONCLUSION

Mr. Benavidez espouses a peculiar ideology — one known to irritate judges for the extent to which it co-opts well-accepted legal terms of art into new usage, largely in service of an obscure and persistently rejected historical retelling of the development of the United States' modern monetary system. *See generally United States v. Rivera*, 2015 WL 4042197, at *19-22 (D.N.M. June 30, 2015) (describing some core tenets of the sovereign-citizen ideology). While no adherent of any ideology can hide behind that ideology as an excuse for violating generally applicable criminal statutes, Mr. Benavidez's filings in this case and with the IRS are clear and pure *expressions* of an ideology, not crimes. No one who saw these filings piling up on the docket sheet was ever left, even for a second, with the impression that the statements therein were straightforward representations in which the terminology used aligned with its contemporary common legal understanding; they were viewed, at worst, as the nonsensical ramblings of a discredited and inane ideology. These filings may deserve to be stricken, but they are not criminal acts, and they do not warrant the revocation of pretrial release.

Respectfully submitted,

HARRISON & HART, LLC

By: _____
Carter B. Harrison IV
1001 Luna Circle NW
Albuquerque, NM 87102
Tel: (505) 295-3261
Fax: (505) 341-9340
Email: carter@harrisonhartlaw.com

*Attorneys for the Defendant*

**This Response Has No Exhibits**

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April 2020, I filed the foregoing Response electronically via the Court's CM/ECF filing system, causing a copy of it to be served on the following counsel of record:

Paul Edward Schied
Sean J. Sullivan
Assistant United States Attorneys
United States Attorney's Office
P.O. Box 607
Albuquerque, NM 87102
Tel: (505) 224-1481
Fax: (505) 346-7296
Email: paul.schied@usdoj.gov
       sean.j.sullivan@usdoj.gov

*Attorneys for the Plaintiff*

Ahmad Assed
Law Office of Ahmad Assed
818 5th Street NW
Albuquerque, NM 87102
Tel: (505) 246-8373
Fax: (505) 246-2930
Email: ahmad@assedlaw.com

*Attorney for Defendant Damian Maron*

HARRISON & HART, LLC

By: _____
Carter B. Harrison IV