IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICK BENAVIDEZ,

    Petitioner,

vs.                                                        No. 20-cv-736 KWR-SCY

LUIS ROSA JR.,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Petitioner Rick Benavidez's *pro se* habeas petition under 28 U.S.C. § 2241 (CV Doc. 1) (Petition). Petitioner is a federal pretrial detainee. He argues the Court improperly revoked his pretrial release based on a false IRS form listing a judge as his fiduciary. Having reviewed the Petition, the Court finds no habeas relief is available.

**I.**     **Background**

    In 2019, Petitioner was indicted on charges of bank fraud and conspiracy in violation of 18 U.S.C. § 1344. (CR Doc. 2).[1] He allegedly recruited others to apply for car loans and forged documents that overstated the income of loan applicants. *Id.* At the initial arraignment, Magistrate Judge Jerry Ritter determined Petitioner should be detained pending trial. (CR Doc. 13). Judge Ritter found, inter alia, that Petitioner engaged in court practices common to "sovereign citizen" litigants. *Id.* Petitioner appealed the detention order. Chief District Judge William Johnson held a hearing on the matter on April 22, 2019. The United States raised concerns regarding Petitioner's release, such as the fact that Petitioner lied about having a child, refused to pay child support, and had large sums of money in his bedroom when he was arrested, despite no documented work

---

[1] All "CR Doc." references are to the related criminal case, 19-cr-592 WJ.

history.  (CR Doc. 109 at 9).  Judge Johnson granted Petitioner's motion, in part.  Petitioner was released to a halfway house, subject to pretrial conditions, following his release from state custody on an outstanding warrant.  (CR Doc. 34, 36).

On June 10, 2019, Petitioner again asked to live at home with his mother pending trial.  (CR Doc. 41).  Judge Johnson granted the motion because Petitioner found steady employment, and his mother recently suffered from stroke.  (CR Doc. 47).  The amended Order Setting Conditions of Release warned that Petitioner "must not violate federal, state, or local law while on release."  (CR Doc. 46).  At the hearing, Judge Johnson also stated: "[I]f you violate your conditions, … then you're not going to help yourself out and you're going to end up back in custody."  (CR Doc. 110 at 13).

On December 6, 2019, Petitioner filed a Notice Concerning Fiduciary Relationship, IRS Form 56 in the criminal case.  (CR Doc. 63 at 44) (Tax Notice).  The Tax Notice states that Judge Johnson is acting as a fiduciary on behalf of Petitioner.  *Id.*  A Special Agent with the Treasury Inspector General initially confirmed Petitioner did not file the Tax Notice with the IRS.  Judge Johnson therefore took no action on the Tax Notice, other than to strike it along with other *pro se* filings.  (CR Doc. 88).

About four months later, on April 2, 2020, Petitioner filed a letter indicating he filed the Tax Notice with the IRS.  The letter states:

> This is my 3rd and final attempt to receive the courts ein# from you[.] I will give you two weeks to send me the courts ein# or else I will let the IRS know about your unwillingness to cooperate with me[.] [T]hey already have the form 56 making you the fiduciary of this case and responsible for all taxes owed on this case.  After two weeks you continue to ignore me[;] I will file 1099A followed by a 1099 oid for the credits that the court has made from my case in the past year from the fraudulent bond put in my name and other sources of income I have on record that belongs to me as I am trustee over [Petitioner].

(CR Doc. 101).  The Special Agent again checked the IRS system and determined Petitioner in fact filed the Tax Notice with the IRS.  (Doc. 127 at 3).  Judge Johnson found that the IRS system listed him as an executor for Petitioner.  *Id.*  The United States moved to revoke the order of release, arguing there was probable cause that Petitioner committed a federal crime while awaiting trial. (CR Doc. 103).  Specifically, the United States argued that by filing the Tax Notice, Petitioner violated 18 U.S.C. § 1001 (Concealment of a Material Fact) and 26 U.S.C. § 7207 (Fraudulent Return, Statements and Other Documents).  On July 9, 2020, after notice and a hearing, Judge Johnson granting the motion and remanded Petitioner to custody pending trial.  (CR Doc. 127).

Petitioner filed the instant Petition on July 22, 2020.  He argues the revocation was inappropriate because: (1) he was not convicted of any crime; (2) his actions did not rise to the level of a criminal act; and (3) he can potentially contract COVID-19 in pretrial detention.  (CV Doc. 1 at 6).  Petitioner paid the filing fee, and the matter is ready for initial review.

**II.     Discussion**

The Petition is governed by Habeas Corpus Rule[2] 4 and 28 U.S.C. § 2241. Habeas Corpus Rule 4 requires a sua sponte review of habeas petitions.  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition."  Habeas Corpus Rule 4.  "If the petition is not dismissed, the judge must order the respondent to file an answer…."  *Id.*

Relief is only available under § 2241 where the petitioner "is in custody in violation of the

---

[2] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Proceedings in the United States District Courts. The Court, in its discretion, applies those rules to the § 2241 petition. *See Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (court acted within its discretion by applying § 2254 Rules to § 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994) (courts may summarily dismiss any habeas petition that appears legally insufficient on its face).

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Although § 2241 does not contain an express exhaustion requirement, the Tenth Circuit has held a federal pretrial detainee must exhaust all available remedies before obtaining habeas review.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (petitioner must exhaust all remedies before seeking relief under § 2241)*; Jones v. Perkins*, 245 U.S. 390, 391-392 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.").  "[A]llowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court would result in needless duplication of judicial work and would encourage judge shopping."  *Hall v. Pratt*, 97 Fed. App'x. 246 (10th Cir. 2004) (unpublished).  *See also Ray v. Denham*, 626 Fed. App'x 218, 219 (10th Cir. 2015) (unpublished) (citing a collection of cases that "applied the exhaustion rule to … federal detainees").

More recently, the Tenth Circuit "adopt[ed] the general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial."  *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017).  The rule was announced in the context of an alleged speedy trial violation, and it is not entirely clear whether it applies to all pretrial detainees seeking habeas relief.  In any event, the Tenth Circuit emphasized that "the writ of habeas corpus should not do service for an appeal."  *Id.* (citing *United States v. Addonizio*, 442 U.S. 178, 184 n.10 (1979)).

Here, the criminal docket plainly reflects that Petitioner took no action to challenge the revocation order before filing this habeas proceeding.  *See* Docket Sheet in Case No. 19-cr-592 WJ.  Instead, it appears Petitioner filed this § 2241 proceeding "to preempt the judge presiding over the criminal case," and ask a different district judge to release him from pretrial detention.  *Medina*,

4

875 F.3d at 1028 (quoting *Williams v. Hackman*, 364 Fed. App'x. 268, 268 (7th Cir. 2010)).  The Petition is therefore subject to dismissal for failure to exhaust available remedies and/or improper use of the writ.

Alternatively, even if the Court could grant relief under § 2241, Petitioner has not demonstrated his custody violates federal law.  Petitioner argues the revocation order is invalid because he has not been convicted of any federal crime, and his conduct did not rise to the level of criminal act.  (CV Doc. 1 at 6).  These arguments ignore the legal standard for revocation proceedings.  The Court need not find, beyond a reasonable doubt, that a pretrial detainee committed a crime while awaiting trial.  Instead, the Court must find there is "probable cause to believe that the person has committed a Federal, State, or local crime while on release."  18 U.S.C. § 3148(b)(1)(A).  "Probable cause as used in 18 U.S.C. § 3148(b)(1)(A) requires only that the facts available to the judicial officer warrant a [person] of reasonable caution in the belief that the defendant has committed a crime while on bail."  *United States v. Buffo*, 99 F.3d 1151, *1 (10th Cir. 1996) (citing *United States v. Cook*, 880 F.2d 1158, 1160 (10th Cir. 1989)).

Judge Johnson found, inter alia, there was probable cause to believe Petitioner violated 26 U.S.C. § 7207.  That section states it is a misdemeanor offense to willfully "deliver or disclose to the Secretary" (*i.e.,* the IRS) any "statement, or other document, known to him to be … false as to any material matter." 26 U.S.C. § 7207.  Petitioner's own *pro se* filings in the criminal case would lead a reasonable, cautious person to believe he willfully filed a false tax statement.  He submitted the Tax Notice stating Judge Johnson is his fiduciary along with a letter admitting he filed the Tax Notice with IRS.  (CR Doc. 63 at 44; CR Doc. 101).  The fact that Judge Johnson rejected Petitioner's defense theory - *i.e.,* his actions were not willful and were instead an expression of his

5

sovereign citizen ideology - is not tantamount to a due process violation.  Petitioner's habeas challenges therefore fail on the merits.

In his final ground for relief, Petitioner seeks release from pretrial detention based on COVID-19.  He contends three other inmates in his pod tested positive and have been placed in quarantine. (CV Doc. 1 at 6).  Petitioner argues "for that reason alone, it is not necessary to subject [him] to that risk, [and] he should be released." *Id.*  Some district courts have found that COVID-19 does not warrant release under § 2241, based on concerns about jurisdiction.  *See, e.g., Betancourt Barco v. Price,* 2020 WL 2099890, at \*6 (D.N.M. May 1, 2020); *Basri v. Barr,* No. 20-cv-00940-DDD, slip op. at 9 (D. Colo.); *Codner v. Choate,* 2020 WL 2769938, at \*6 (D. Colo. May 27, 2020).  At least one circuit court has held that habeas relief may be available where no conditions of confinement could adequately protect the petitioner from a serious risk of harm.  *See Wilson v. Williams*, 961 F.3d 829, 837-38 (6th Cir. 2020).  However, Petitioner's conclusory allegations do not satisfy this standard, and in any event, he failed to exhaust available remedies.  *See Medina v. Williams,* No. 20-1193 (10th Cir. Aug. 18, 2020) (unpublished order) (affirming dismissal of § 2241 petition based on COVID-19 where petitioner failed to exhaust).

For these reasons, the Court will dismiss the Petition as without merit and for failure to exhaust available remedies.

**IT IS ORDERED** that Petitioner Rick Benavidez's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (**CV Doc. 1**) is **DISMISSED**; and the Court will enter a separate judgment closing the civil habeas case.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE